GOODSPEED, ADM'R, *v.* FLOOD.

From the Newton Common Pleas.

*E. L. Urmston, C. H. Test,* and *D. V. Burns,* for appellant.

PETTIT, J.—The appellant made application to sell certain lands to pay the debts of the deceased.   The appellee was the widow and only heir of the deceased, and was entitled to one-third of the lands.   This is expressly admitted in the petition of the administrator to sell, and in the bill of exceptions.   The deceased had made a mortgage on the lands, which had been foreclosed, and the widow had purchased and was the owner of the decree by assignment.   It was agreed by the parties that the lands should be appraised and sold at their full value without regard to the decree of foreclosure and the one-third interest of the widow, she agreeing to join in the deed to the purchaser, taking the amount of the decree and what she might be entitled to as the owner of one-third of the lands.   The land was appraised at its full value as though there had been no incumbrance on it, and sold for more than the appraisement, and for a greater sum than the decree and the widow's one-third. The widow purchased the land at the sale.

The question is, what part of the money was the widow entitled to ?   The court below found and decreed that she was entitled to one-third of the purchase-money for her one-third ownership in the land, and the amount of her decree out of the other two-thirds of the purchase-money, the residue of the money to be paid to the administrator, and he to make her a deed.   There was no error in this action of the court.   We cannot see any color of legal grounds for a different ruling.

The judgment is affirmed, at the costs of the appellant.